UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GENERAL CHARLES "CHUCK" YEAGER, (RET.) and GENERAL CHUCK YEAGER FOUNDATION,

    Plaintiffs,

    v.

CONNIE BOWLIN, ED BOWLIN, DAVID MCFARLAND, AVIATION AUTOGRAPHS, a non-incorporated Georgia business entity, BOWLIN & ASSOCIATES, INC., a Georgia Corporation, SPALDING SERVICES, INC., a Georgia Corporation, INTERNATIONAL ASSOCIATION OF EAGLES, INC., an Alabama Corporation, and DOES 1 to 100, inclusive,

    Defendants.

NO. CIV. 2:08-00102 WBS JFM

<u>AMENDED ORDER</u>

----oo0oo----

    On October 22, 2008, less than one month after he substituted in as counsel for plaintiffs Charles Yeager and the General Chuck Yeager Foundation, Inc. ("Foundation"), plaintiff's new counsel moved to withdraw from representation. At a hearing on November 3, 2008, counsel for plaintiffs and defendants appeared; however, neither Yeager nor a representative

1

for the Foundation appeared.

For reasons discussed at the hearing, the court grants plaintiffs' counsel's motion to withdraw as counsel of record. Yeager is hereby substituted pro se. The Foundation may not appear pro se as it is either a corporation[1] or other type of entity. See, e.g., D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004) (recognizing "the requirement that corporations and other entities be represented by counsel") (citation omitted). The Foundation, therefore, may not appear or file any documents unless represented by new counsel.

As the only plaintiff that may appear is now proceeding pro se, this matter is hereby referred pursuant to Eastern District Local Rule 72-302(c) to Magistrate Judge John F. Moulds for all further proceedings consistent with the applicable rules. For the reasons discussed at the hearing, the court also accepts the parties' stipulation to extend the time in which plaintiff may file an amended complaint to December 3, 2008.

IT IS SO ORDERED.

DATED: November 14, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' Complaint does not indicate whether the Foundation is a corporation; however, subsequent documents filed by plaintiffs indicate that it is incorporated.