UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GENERAL CHARLES "CHUCK" YEAGER,(RET.), and GENERAL CHUCK YEAGER FOUNDATION,

     Plaintiffs,

  v.

CONNIE BOWLIN, ED BOWLIN, DAVID MCFARLAND, AVIATION AUTOGRAPHS, a non-incorporated Georgia business entity, BOWLIN & ASSOCIATES, INC., a Georgia corporation, INTERNATIONAL ASSOCIATION OF EAGLES, INC., an Alabama corporation, SPALDING SERVICES, INC., and DOES 1 through 100, inclusive,

     Defendants.
_____/

NO. CIV. 2:08-102 WBS JFM

ORDER RE: COSTS

----oo0oo----

On January 6, 2010, the court entered final judgment in this case in favor of defendants pursuant to the court's January 6, 2010 Order. Defendants Connie Bowlin, Ed Bowlin, Bowlin & Associates, Inc., and Aviation Autographs have submitted a cost

1

bill totaling $8,131.65; plaintiffs have not objected.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); E.D. Cal. Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also E.D. Local R. 292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

///
///
///
///
///

After reviewing the bill, and in light of the fact that
plaintiffs have not objected, the court finds all costs to be
reasonable.  Accordingly, costs of **$8,131.65** will be allowed.
             IT IS SO ORDERED.
DATED:  January 29, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE