UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GENERAL CHARLES "CHUCK" YEAGER, (RET.), and GENERAL CHUCK YEAGER FOUNDATION,<br><br>            Plaintiffs,<br><br>     v.<br><br>CONNIE BOWLIN, ED BOWLIN, DAVID MCFARLAND, AVIATION AUTOGRAPHS, a non-incorporated Georgia business entity, BOWLIN & ASSOCIATES, INC., a Georgia corporation, INTERNATIONAL ASSOCIATION OF EAGLES, INC., an Alabama corporation, SPALDING SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>            Defendants.<br>_____/ | NO. CIV. 2:08-102 WBS JFM<br><br>ORDER |

----oo0oo----

Having prevailed on their motion for summary judgment (see Docket No. 135), defendants Connie and Ed Bowlin, Aviation Autographs, and Bowlin and Associates, Inc. now move for an award

1

of attorney's fees and costs pursuant to California Civil Code section 3344(a) and section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

Under both California and federal law, determining an award of attorney's fees begins by calculating the "'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Group v. Drexler, 22 Cal. 4th 1084, 1095 (2000); Fisher v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Under the lodestar method, the fee applicant must provide "sufficient detail" of its billing such that the court "can evaluate what lawyers were doing and the reasonableness of the number of hours spent on those tasks." Fitzgerald v. City of Los Angeles, No. 03-1876, 2009 WL 960825, at *8 (C.D. Cal. Apr. 7, 2009) (quoting Smith v. Dist. of Columbia, 466 F. Supp. 2d 151, 158 (D.D.C. 2006); see also Hensley, 461 U.S. at 437 (holding the fee applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims").

In support of their motion for attorney's fees, defendants submit a billing statement itemizing the time counsel spent on this matter each day, with over eighty percent of the entries "block billed." (See Noonan Decl. Ex. A.) Block billing is a practice where the amount of time spent by an attorney on each discrete task is not identified, but instead all hours spent during the course of a day on multiple tasks are billed together. The California State Bar's Committee on Mandatory Fee Arbitration has concluded that block billing "hides accountability" and may

2

"increase time by 10% to 30%" by lumping together tasks. See The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003).

More importantly, the usage of block billing is fundamentally inconsistent with the lodestar method because it "render[s] it virtually impossible to break down hours," leaving the court without the ability to accurately determine whether a reasonable amount of time was spent by counsel on a discrete task. Bell v. Vista Unified Sch. Dist., 82 Cal. App. 4th 672, 689 (2000); see Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) ("[B]lock billing makes it more difficult to determine how much time was spent on particular activities."); Bonner, 2008 WL 410260, at *3. Without an itemization of the amount of time spent by the fee applicant on each discrete task in the case, the court cannot accurately determine whether the rates charged or hours spent by lawyers in a matter are reasonable. An excessive amount of block billing thereby forces the court to take a "shot in the dark" and guess whether the hours expended were reasonable, which is precisely the opposite of the methodical calculations the lodestar method requires. See Hensley, 461 U.S. at 434.

California courts have held that a trial court may "exercise its discretion in assigning a reasonable percentage to the [block billed] entries, or simply cast them aside." Bell, Cal. App. 4th at 689. Under federal law, however, when a court is faced with block billing, it may not simply make across the board reductions in fees or toss block billed hours aside. Rather, a district court must "provide a clear explanation" for

3

why any reduction in fees "properly compensate[s] for . . . overbilling or duplication." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001); see also Welch, 480 F.3d at 948 (rejecting an across the board reduction for block billed fees because the court failed to adequately explain a rationale for its percentage reduction).

Block billing makes it virtually impossible for a court to comply with its requirement to give a clear, reasoned explanation for any fee reductions because those reductions would ultimately be nothing more than guesswork based on an imprecise billing statement. Given block billing's inherent inconsistency with the lodestar method, this court will not award fees for any blocked billed entries. However, the court will give defendants an opportunity to submit an amended billing statement that will allow the court to determine the reasonableness of defendants' fee request.

IT IS THEREFORE ORDERED that defendants shall submit an amended motion for attorney's fees that contains a billing statement that does not use block billing by May 3, 2010.

IT IS FURTHER ORDERED that plaintiffs shall file any opposition to this motion by May 17, 2010. Defendants may then file any reply no later than May 24, 2010.

IT IS FURTHER ORDERED that the April 26, 2010 hearing on this matter be, and the same hereby is, VACATED. After the

//
//
//
//

aforementioned briefing schedule concludes, the court will take the matter under submission pursuant to Local Rule 230(h).

DATED: April 23, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE