UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GENERAL CHARLES "CHUCK" YEAGER, (RET.), and GENERAL CHUCK YEAGER FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNIE BOWLIN, et al.,<br><br>    Defendants. | CIV. NO. 2:08-102 WBS CKD<br><br>ORDER |

----oo0oo----

On January 6, 2010, this court granted summary judgment in favor of defendants Connie and Ed Bowlin, Aviation Autographs, and Bowlin and Associates, Inc. (Docket No. 135.) The court subsequently awarded defendants $275,595.58 in attorneys' fees and costs on June 3, 2010. (Docket No. 169.) More than five years later, defendants now request another award of attorneys' fees and costs incurred during the enforcement of the court's initial award. (Docket No. 223.) For the reasons stated below,

1

defendants' motion is untimely and must be denied.[1]

Federal Rule of Civil Procedure 69(a) governs the procedure for enforcement of money judgments in federal court. See Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). The rule provides that the procedure for enforcing a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Because no federal statute governs the instant motion, the court turns to California procedural law. See Carnes, 488 F.3d at 1060.

California's Enforcement of Judgments Law ("EJL") states that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. These costs may include attorneys' fees incurred while enforcing a judgment if that underlying judgment included an award of attorneys' fees. See id. §§ 1033.5(a)(10); 685.040.

The judgment creditor may seek an award of postjudgment attorneys' fees by either filing a memorandum of costs or by serving a noticed motion. See id. §§ 685.070, 685.080. Under either method, however, the judgement creditor must request postjudgment attorneys' fees before the underlying judgment is fully satisfied. Id. §§ 685.070(b) ("Before the judgment is fully satisfied but not later than two years after the costs have been incurred . . . ."), 685.080(a) ("The motion shall be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred."); see also Carnes, 488

---

[1] This motion was determined to be suitable for decision without oral argument pursuant to Local Rule 230(g).

F.3d at 1060.

The court understands defendants' motion to request fees and costs associated solely with the enforcement of the June 3, 2010 judgment awarding attorneys' fees and costs. (See Defs.' Mem. at 3.) Defendants state that judgment "has been collected in full." (Id.; see also id. at 2 ("Yeager did pay Bowlins the balance of the underlying judgment . . . .").)

In its June 2, 2015 Order, the court stated its concern regarding defendants' representations that the award was already collected in full. (Docket No. 230.) The court also cited to--and quoted from--California Code of Civil Procedure sections 685.070(b) and 685.080(a) as well as and Ninth Circuit precedent interpreting those statutes and invited both parties to submit supplemental briefs addressing the issue of timeliness.

Defendants submitted a supplemental brief one day later that utterly missed the mark. (Docket No. 231.) Defendants completely ignored the court's attempt to highlight problematic statutory language and failed to even mention sections 685.070 or 685.080. Instead, they provided an unnecessary explanation of why Federal Rule of Civil Procedure 54(d) does not apply to their motion--a rule the court never mentioned in its June 2, 2015 Order.

Even more astonishingly, defendants justified their discussion of Rule 54(d) by saying they had "no indication that there is any other possible basis for the Court's request for supplemental briefing." (Defs' Supplemental Brief at 1-2.) Yet, plaintiff, who unlike defendants is not represented by counsel, grasped the court's meaning and submitted a brief that addressed

3

sections 685.070(b) and 685.080(a).  (See Docket No. 237.) Plaintiff also stated that the court's judgment was fully satisfied by March 3, 2014.  (Id. at 2.)  Accordingly, it is undisputed that the court's June 3, 2010 judgement had been paid in full before defendants filed their motion.

Defendants say in passing that the Ninth Circuit's additional award of $102,929.12 in attorneys' fees and costs incurred while this matter was on appeal remains unpaid.  (Defs.' Mem. at 3.)  The Ninth Circuit's award does not affect the timeliness of the instant motion, however, because costs and fees awarded by an appellate court "are not added to the trial court judgment, but constitute a separate judgment."[2]  Lucky United Properties Inv., Inc. v. Lee, 185 Cal. App. 4th 125, 138 (1st Dist. 2010) (citing Los Angeles Unified Sch. Dist. v. Wilshire Ctr. Marketplace, 89 Cal. App. 4th 1413, 1419 (1st Dist. 2001)); see Cal. Rules of Court 8.278(b)(1), (c)(3).  This motion does not request expenses associated with enforcement of the Ninth Circuit's award, and this Order expresses no views on the availability of those expenses at this time.  The relevant "judgment" for purposes of this Order is the court's June 3, 2010 award.

In short, the EJL required defendants to file their motion before the award from this court was fully satisfied.  See

---

[2] This conclusion is further supported by the California Supreme Court's interpretation of fee awards under California law, which draws a distinction between (1) "prejudgment costs, including attorney fees," (2) "appellate costs and fees," and (3) "postjudgment enforcement costs and fees."  In re Conservatorship of McQueen, 59 Cal. 4th 602, 608 (2014) (distinguishing the separate statutory basis for each award).

4

1  Cal. Civ. Proc. Code §§ 685.070, 685.080.  That award has been
2  collected in full, and the motion is therefore untimely.  See
3  <u>Carnes</u>, 488 F.3d at 1061 (affirming the denial of a similar
4  motion as untimely).
5          IT IS THEREFORE ORDERED that defendants' motion for
6  attorneys' fees and costs of collection of judgment be, and the
7  same hereby is, DENIED.
8  Dated:  June 17, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5